**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| SIMONE GASTON,<br><br>                Plaintiff,<br>    v.<br><br>HESS CORPORATION, HESS OIL NEW YORK CORP., as successor by merger of HESS OIL VIRGIN ISLANDS CORP., and VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORPORATION,<br><br>                Defendants. | CASE NO. 1:21-cv-078<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Hess Corporation ("Hess"), by its undersigned attorney and signed pursuant to Federal Rule of Civil Procedure 11, hereby files this Notice of Removal of an action brought by Plaintiff Simone Gaston in the Superior Court of the Virgin Islands, Division of St. Croix, Civil No. SX-20-CV-900, to the District Court of the Virgin Islands, Division of St. Croix, and expressly reserves all questions and defenses other than that of removal. In support thereof, Defendant Hess respectfully states as follows:

### BACKGROUND

On or about 12/9/2020 Plaintiff filed a Complaint in the Superior Court of the Virgin Islands, Division of St. Croix, captioned Simone Gaston v. Hess, et al.; Civil No. SX-20-CV-900 (hereinafter the "Superior Court Action"). See copy attached as Exhibit A. On or about 12/9/2020

Plaintiff filed a First Amended Complaint. See copy attached hereto as Exhibit B. Hess has not yet been joined and served.[1]

## GROUNDS FOR REMOVAL

**This Court Has Original Jurisdiction Based Upon Complete Diversity and The Amount In Controversy Exceeding $75,000 and Because Defendant Virgin Islands Industrial Maintenance Corporation Is A Fraudulently Joined, i.e, a Sham Defendant.**

"Federal district courts have original jurisdiction over civil actions between citizens of different states, provided the amount in controversy is greater than $75,000." *Chapin v. Whitecap Inv. Corp.*, No. 2013-42, 2014 U.S. Dist. LEXIS 21214, *4 (D.V.I. Feb. 20, 2014) (citing 28 U.S.C. § 1332(a)).

### A. Complete diversity exists among the parties who can be properly joined.

According to Plaintiff's Amended Complaint, Plaintiff is a citizen and resident of St. Croix, United States Virgin Islands. (Amended Cmplt. ¶ 1.) Defendant Hess Corporation is a Delaware corporation whose principal place of business is in the State of New York. (Amended Cmplt. ¶ 2.) Defendant Hess Oil New York Corp. ("HONYC") is a New York corporation with its principal place of business in New York. (Amended Cmplt. ¶ 3.) Thus, these parties satisfy 28 U.S.C. § 1332(a)'s diversity of citizenship requirement.

### B. IMC is a sham Defendant.

Defendant Virgin Islands Industrial Maintenance Corporation ("IMC") is a Virgin Islands corporation with its principal place of business in the Virgin Islands. (Amended Cmplt. ¶ 4.) Notwithstanding that IMC is a local defendant, removal is proper because IMC has been fraudulently joined. This Court can take judicial notice of the briefing that is currently pending

---

[1] Hess was purportedly served on March 11, 2021, with Summons (Composite Exhibit A-1), but contends such service is insufficient and/or defective and reserves all defenses of process and service of process.

before this Court with respect to removal of similar asbestos and other toxic dust cases involving the St. Croix Oil Refinery during the period on or before 1998 in which Plaintiff's counsel has sought to add IMC as a party defendant to destroy diversity.[2] The Court can also take judicial notice of the cases Plaintiff's counsel voluntarily dismissed after they were removed[3] and then refiled in Superior Court adding IMC as a party in yet another blatant effort to destroy diversity.[4]

Ever since Plaintiff's counsel has become aware that HOVIC merged into HONYC and became a citizen of New York, Plaintiff's counsel has engaged in efforts to add local defendants - defendant which Plaintiff's counsel previously had acknowledged plaintiffs had no intention to pursue to judgment in these asbestos cases. These facts are fully briefed in cases currently pending before the District Court, of which the District Court can take judicial notice. As outlined in the briefing currently before the court, see n.2, *supra*, Plaintiff has known about the activities of IMC since long before these many new suits now naming IMC were ever filed. Thus, the post-merger filings in the local court adding IMC clearly establish that Plaintiff is endeavoring "nothing more than an attempt to destroy diversity", and the Court should find the joinder fraudulent. *Albino v. Home Depot*, Civil Action No. 20-2626 (FLW) (ZNQ), 2020 U.S. Dist. LEXIS 97181, at *10 (D.N.J. June 3, 2020) (citations omitted); see also 28 USC §1447(e). As further support, Hess incorporates the arguments it has made in its opposition to remand in the other similar cases. See, e.g., Hess and HONYC's Response In Opposition To Plaintiff's Motion To Remand, District Court

---

[2] 1:20-cv-078; 1:20-cv-082; 1:20-cv-084; 1:20-cv-086; 1:20-cv-087; 1:20-cv-088; 1:20-cv-090; 1:20-cv-092; 1:20-cv-093; 1:20-cv-096; 1:20-cv-098; 1:20-cv-100; 1:20-cv-102; 1:20-cv-103.

[3] 1:20-cv-040; 1:20-cv-043; 1:20-cv-047; 1:20-cv-048; 1:20-cv-050; 1:20-cv-054; 1:20-cv-055; 1:20-cv-057; 1:20-cv-058; 1:20-cv-060; 1:20-cv-062; 1:20-cv-064; 1:20-cv-065; 1:20-cv-066; 1:20-cv-067; 1:20-cv-071; 1:20-cv-072; 1:20-cv-073.

[4] 1:21-cv-017, 1:21-cv-018, 1:21-cv-019, 1:21-cv-020, 1:21-cv-021, 1:21-cv-022, 1:21-cv-023, 1:21-cv-024, 1:21-cv-025 and 1:21-cv-026.

of the Virgin Islands, Civil No. 1:20-cv-00082-WAL-GWC, Docket No. 22 (incorporated herein by reference).

Accordingly, the Court should accept jurisdiction and strike IMC from the pleading as a fraudulently joined defendant.

### C. The amount in controversy exceeds $75,000.

Here, Plaintiff has alleged to have contracted lung disease as a result of exposure to toxic substances for which Plaintiff is seeking compensatory and punitive damages. (See "Factual Allegations re: the Plaintiff", Amended Cmplt. at ¶¶ 7-19 .) Without conceding liability or the merits of Plaintiff's claims, based on these allegations, the amount in controversy certainly exceeds $75,000. Thus, Hess has met its burden to demonstrate a plausible allegation that the amount in controversy exceeds the jurisdictional threshold in 28 U.S.C. § 1332(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

### D. The other procedural requirements outlined in 28 U.S.C. § 1446 are met.

The Notice of Removal is timely filed under 28 U.S.C. § 1446(b) in that this Notice is filed before Hess has been properly served.[5] Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is simultaneously being given to Plaintiff, and to any other party who has appeared in the Superior Court matter, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix. Finally, consent of a fraudulently joined sham defendant is not required for removal. *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1157 (N.D. Cal. 2003)(Fraudulent joinder provides an exception to the unanimity requirement, in that the consent of a fraudulently joined defendant

---

[5] In addition, it is filed within thirty (30) days of the purported service on Hess. See n. 1, supra.

*Simone Gaston v. Hess, et al.;*
Notice of Removal
Page 5

is not required to remove a case.)(citations omitted).  Accordingly, even if IMC is served, its consent is not required.

Hess respectfully reserves all defenses, including but not limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

### CONCLUSION

Complete diversity exists among the proper, non-fraudulent parties to the above-captioned case, and the amount in controversy exceeds $75,000.  IMC is fraudulently joined.  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Hess properly files its Notice of Removal, removing the case from the Superior Court of the Virgin Islands to the District Court of the Virgin Islands, Division of St. Croix.

WHEREFORE, Defendant Hess hereby removes this action from the Superior Court of the Virgin Islands, Division of St. Croix to this Court, and reserves all defenses.

Respectfully submitted,

**Wilson Elser Moskowitz Edelman and Dicker LLP**
*Attorneys for Defendants Hess*
200 Campus Drive
Florham Park, NJ 07932
Tel: (973) 624-0800 / Fax: (973) 624-0808

DATED: April 5, 2021

s/ Joseph T. Hanlon
Joseph T. Hanlon, Esq.
joseph.hanlon@wilsonelser.com
VI Bar R2099

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this April 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to all counsel of record and caused a copy of this document to be served upon the following via email:

| | |
|---|---|
| The Pate Law Firm<br>*Attorneys for Plaintiff*<br>J. Russell B. Pate, Esq.<br>pate@sunlawvi.com<br>sunlawvi@gmail.com<br>PO Box 370<br>Christiansted, VI 00821 | Burns Charest LLP<br>*Attorneys for Plaintiff*<br>Korey Nelson, Esq.<br>knelson@burnscharest.com<br>H. Rick Yelton, Esq.<br>ryelton@burnscharest.com<br>mhenry@burnscharest.com<br>365 Canal Street, Ste. 1170<br>New Orleans, LA 70130 |
| Burns Charest LLP<br>*Attorneys for Plaintiff*<br>Warren T. Burns, Esq.<br>wburnes@burnscharest.com<br>Daniel H. Charest, Esq.<br>dcharest@burnscharest.com<br>jsoyka@burnscharest.com<br>900 Jackson Street, Ste. 500<br>Dallas, TX 75202 | |

s/ Joseph T. Hanlon